

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re                                    )   Case No. 09-41025-E-13
                                         )
KATHLEEN J. HAUGHTON,                     )
                                         )
            Debtor.                       )
_____          )
                                         )
KATHLEEN J. HAUGHTON,                     )   Adv. Pro. No. 12-2612
                                         )   DCN: None Provided
            Plaintiff,                    )
v.                                       )
                                         )
AMERICAN GENERAL FINANCE, aka )
SPRINGLEAF FINANCIAL,                     )
                                         )
            Defendant.                    )
_____          )

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

**MEMORANDUM OPINION AND DECISION**
**DENIAL OF ORDER MOTION FOR ENTRY OF DEFAULT JUDGMENT**

The default of American General Finance, nka Springleaf Financial was entered by the court on December 3, 2012 (Dckt. 9). Plaintiff Kathleen J. Haughton, the Debtor, filed her Motion for Entry of Default Judgment on December 6, 2012, and the declaration of Michael O. Hayes in support of the Motion.  Dckts. 10, 11.  The declaration attests to service of the Complaint and that no responsive pleading has been filed in this Adversary Proceeding.

The Motion for Entry of Default Judges states with particularity (Fed. R. Civ. P. 7(b) and Fed. R. Bankr. P. 7007) the following grounds upon which judgment is based:

A. An unnamed "Defendant and their [sic] designed agent for service of process were duly served..." with the complaint, summons, and notice of status conference.

B. No Answer or responsive pleading has been filed by the unnamed "Defendant."

C. The Declaration of Michael O. Hayes is filed as the evidentiary grounds in support of the Motion for Entry fo Default Judgment.

D. Judgment is requested against American General Finance and unnamed other persons (identified as *et al.*) determining that their claim is unsecured, has been discharged, and that the debt is no longer an encumbrance on the Plaintiff's residence.

### OBTAINING A DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55 and Federal Rule of Bankruptcy Procedure 7055 govern default judgments. *In re McGee*, 359 B.R. 764, 770 (B.A.P. 9th Cir. 2006). Obtaining a default judgment is a two-step process which requires: (1) entry of the defendant's default, and (2) entry of a default judgment. *Id.* at 770.

Even when a party has defaulted and all requirements for a default judgment are satisfied, a claimant is not entitled to a default judgment as a matter of right. 10 Moore's Federal Practice - Civil ¶ 55.31 (Daniel R. Coquillette & Gregory P. Joseph eds. 3rd ed.). Entry of a default judgment is within the discretion of

2

the court.  *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *In re McGee*, 359 B.R. 764, 770 (B.A.P. 9th Cir. 2006)(citing *In re Kubick*, 171 B.R. 658, 659-60 (B.A.P. 9th Cir. Alaska 1994). Default judgments are not favored, as the judicial process prefers determining cases on their merits whenever reasonably possible. *Id.* at 1472.  Factors which the court may consider in exercising its discretion include:

> (1)  the possibility of prejudice to the plaintiff,
>
> (2)  the merits of plaintiff's substantive claim,
>
> (3)  the sufficiency of the complaint,
>
> (4)  the sum of money at stake in the action,
>
> (5)  the possibility of a dispute concerning material facts,
>
> (6)  whether the default was due to excusable neglect, and
>
> (7)  the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice - Civil ¶ 55-05[s], at 55-24 to 55-26 (Daniel R. Coquillette & Gregory P. Joseph eds. 3rd ed.)); *In re Kubick*, 171 B.R. at 661-662.

In fact, before entering a default judgment the court has an independent duty to determine the sufficiency of Plaintiff's claim. *Id.* at 662.  Entry of a default establishes well-pleaded allegations as admitted, *In re McGee*, 359 B.R. at 772, but factual allegations that are unsupported by exhibits are not well pled and cannot support a claim. *Id.* at 774.  Thus, a court may refuse to enter default judgment if Plaintiff did not offer evidence in support of the allegations. *See id.* at 775.  Finally, Federal Rule of Civil Procedure 9(b), made applicable through Federal Rule of

Bankruptcy Procedure 7009, raises the bar by requiring that allegations of fraud be stated with particularity.

In *Kubick*, the Bankruptcy Appellate Panel held that the Bankruptcy Court must exercise its independent duty, arising under Federal Rule of Bankruptcy Procedure 55(b)(2), to determine the sufficiency of the plaintiff's claim before entering a default judgment. *In re Kubick*, 171 B.R. at 662. In *Kubick,* the plaintiff-creditor filed a complaint objecting to Debtor's discharge. *Id.* at 171 B.R. at 659. The debtor did not file a response, and the court granted the plaintiff's motion for default judgment without a hearing. *Id.* On appeal, the Bankruptcy Appellate Panel held that the plaintiff's complaint could not support a default judgment, because it merely recited the statutory elements without sufficiently alleging elements of the claim. *Id.* at 662. In vacating the judgment, the Bankruptcy Appellate Panel held that the Bankruptcy Court must exercise its discretion to determine the legal sufficiency of the complaint before entering a default judgment. *Id.*

Furthermore, in *McGee* the Bankruptcy Appellate Panel affirmed that the Bankruptcy Court may require Plaintiff to present evidence in support of its complaint. *In re McGee*, 359 B.R. at 775. In *McGee*, the creditor filed a complaint to establish its claim as nondischargeable under Federal Rule of Bankruptcy Procedure 532(a)(2)(B). *Id.* at 767. When the defendant-debtor failed to appear, the Bankruptcy Court entered a default. *Id.* at 768. However, the court denied a motion for default judgment, because the creditor did not offer direct proof supporting an essential element of their claim: that they relied on the defendant's

4

fraudulent misrepresentations. *Id.*   On appeal, the Bankruptcy Appellate Panel affirmed, holding that merely *pleading* a *prima facie* case, without proving one, does not entitle the creditor to a default judgment. *Id.* at 774.   The Bankruptcy Court properly used its discretion in requiring competent, admissible evidence before granting a default judgment. *Id.* at 775.

## DISCUSSION

This court takes seriously the requirements under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure requiring that motions state with particularity both the grounds upon which the relief is requested and the relief itself. Fed. R. Civ. P. 7(b) and Fed. R. Bankr. P. 7007, 9014. Taken on its face, the only grounds stated for a judgment in this Adversary Proceeding are that the summons and complaint were served on some unnamed defendant and that some unnamed defendant did not file a responsive pleading.   These "particular grounds" are not sufficient for a judgment determining that a "debt does not encumber" real property. Counsel testifying that he served the summons and complaint and that he did not receive a responsive pleading is not substantive evidence supporting the factual merits of the Complaint and Motion.

The court declines the opportunity to review the Complaint, distill for the Plaintiff the grounds upon which judgment can be entered for Plaintiff, organize and state such grounds, determine where evidence exists which supports such grounds, present such evidence to the court, rule on such grounds and evidence, and then enter an order on the court's arguments.   The court also declines to construct the actual relief which the Plaintiff must be requesting – a determination that an encumbrance on property

5

(apparently a deed of trust) is void and unenforceable following completion of a Chapter 13 Plan and the obligation secured by the deed of trust having been paid in the amount determined by the court pursuant to 11 U.S.C. § 506(a) to be the creditor's secured claim. *See In re Frazier*, 448 B.R. 803 (Bankr. ED Cal. 2011), *affd.*, 469 B.R. 803 (ED Cal. 2012) (discussion of "lien striping" in Chapter 13 case).

The Plaintiff has also failed to provide any evidence to support entry of the judgment. The only evidence provided is counsel's declaration as to basic procedural pleading requirements. The court declines the invitation to plumb the depths of the documents in this Adversary Proceeding and those in the Plaintiff's Chapter 13 bankruptcy case to present evidence on behalf of the Plaintiff.

Merely because a debt was discharged does not necessarily result in a lien being unenforceable. A debt is not an encumbrance on real or personal property, but the lien is an encumbrance. If the court were to grant the relief requested in the Motion, "that the debt shall no longer constitute an encumbrance on [the Plaintiff's] residence...," it is likely that the Plaintiff's property would still be encumbered by the deed of trust.

The Plaintiff has not provided the court with a Motion and supporting evidence upon which the requested relief could, or should, be based.

///
///
///
///

6

1    The court denies the Motion without prejudice.  The Plaintiff

2  shall  file  and  serve  a  noticed  motion  for  entry  of  default

3  judgment, and all supporting pleadings and evidence, on or before

4  **January 4, 2013.**

5  Dated: December *17*, 2012

6

7

    RONALD  H.  SARGIS,  Judge
8    United  States  Bankruptcy  Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1

**CERTIFICATE OF MAILING**

2  The undersigned deputy clerk in the office of the United

3  States Bankruptcy Court for the Eastern District of California

4  hereby certifies that the attached document(s) was served by mail

5  to the following entities listed at the address(es) shown below:

6  Service List:

7  American General Financial Services, Inc.
c/o Reilly D. Wilkinson

8  155 N Redwood Dr #100
San Rafael, CA 94903

9

David Cusick
10  PO Box 1858
Sacramento, CA 95812-1858

11

Kathleen Haughton
12  6189 N Libby Rd
Paradise, CA 95969

13

Michael Hays
14  676 E 1st Ave #5
Chico, CA 95926

15

16

17  DATE: 12·18·12

18  _____
Deputy Clerk

19

20

21

22

23

24

25

26

27

28